ACCEPTED
15-25-00037-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
8/4/2025 2:36 PM
CHRISTOPHER A. PRINE
CLERK

**No. 15-25-00037-CV**

# In the Court of Appeals for the Fifteenth Judicial District
# Austin, Texas

FILED
15th COURT OF APPEALS
AUSTIN, TEXAS
8/4/2025 2:36:43 PM
CHRISTOPHER A. PRINE
Clerk

TEXAS ALCOHOLIC BEVERAGE COMMISSION,
*Appellant*,

*v.*

EARL PEARSON,
*Appellee.*

On Appeal from the
261st Judicial District Court, Travis County

## APPELLANT'S REPLY BRIEF

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief for General Litigation Division

C. LEE WINKELMAN
Assistant Attorney General
Texas Bar No. 24042176

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(737) 231-7737 | FAX: (512) 320-0667
lee.winkelman@oag.texas.gov

# TABLE OF CONTENTS

Table of Contents ................................................................................. 2

Table of Authorities ........................................................................... 3

Statement Regarding Oral Argument .................................................. 4

Introduction ....................................................................................... 4

Argument ............................................................................................ 5

    A.    Pearson Did Not Address TABC's Evidentiary Points. ........................... 5

    B.    TABC is not Asserting that Pearson Failed to Exhaust His
    Administrative Remedies. ..................................................... 7

    C.    This is a Circumstantial Evidence Case, and TABC Does
    Not Dispute Pearson's Ability to Establish a *Prima Facie*
    Case. ....................................................................................... 7

    D.    Pearson Did Not Establish that TABC's Reasons for
    Terminating His Employment Were a Pretext for
    Discrimination. ...................................................................... 8

Conclusion .......................................................................................... 9

Prayer ................................................................................................ 10

CERTIFICATE OF SERVICE ............................................................... 11

CERTIFICATE OF COMPLIANCE ...................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Richardson-Eagle, Inc. v. William M. Mercer, Inc.*,
    213 S.W.3d 469 (Tex. App.—Houston [1st Dist.] 2006 ..................................... 5

## STATEMENT REGARDING ORAL ARGUMENT

In its opening brief (the "Brief" or "Br."), Appellant, Texas Alcoholic Beverage Commission ("TABC") did not request oral argument because it does not believe that oral argument would necessarily aid the Court in its decision. In his Appellee's brief (the "Appellee's Brief" or "Appee's Br.") Appellee, Earl Pearson, however, requested oral argument. While TABC does not believe oral argument is necessary, if this Court determines otherwise, TABC respectfully requests the opportunity to participate.

## INTRODUCTION

In his Appellee's Brief, Pearson makes little-to-no effort to substantively respond to many of the arguments in TABC's Brief. He does not address any of the evidentiary points TABC made in its Brief (over half of the Brief), *see* Br. pp.12-30, or make any arguments of his own related to the admissibility of the declaration at issue (the "Declaration"). In addition, he does not address TABC's stray-remarks argument that this is a circumstantial-evidence case, rather than direct-evidence case. Instead, he makes arguments related to points TABC does not raise in this appeal. For example, Pearson argues that he did not fail to exhaust his administrative remedies. *See* Appee's Br. pp. 4-5. Though TABC made a failure-to-exhaust argument in its Plea to the Jurisdiction and Motion for Summary Judgment ("Motion")

below, it is a point TABC does not raise in this appeal. Finally, Pearson does not address TABC's argument that even if this were a direct-evidence case (which it isn't), TABC established that it would have taken the same actions against Pearson absent any alleged discriminatory motive. *See* Br. pp. 42-43.

Though Pearson's failure to respond to many of the points in TABC's Brief is not dispositive of those issues, it is telling. *See Richardson-Eagle, Inc. v. William M. Mercer, Inc.*, 213 S.W.3d 469, 478 n.6 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). It certainly suggests that Pearson, at least, can think of no good reason the trial court should have admitted and entertained the Declaration attached to his response to TABC's Motion (the "Response to TABC's Motion") in deciding the Motion. And it also suggests that the statements in Pearson's Declaration are, indeed, stray remarks, and not direct evidence of discrimination. Ultimately, Pearson's Appellee's Brief speaks volumes through its silence and supports TABC's assertion that the trial court erred in admitting the Declaration and denying TABC's Motion and this Court should reverse that decision.

## ARGUMENT

### A. Pearson Did Not Address TABC's Evidentiary Points.

On appeal, TABC first argues that the trial court abused its discretion in admitting the Declaration attached to Pearson's Response to TABC's Motion over

TABC's objections. The Declaration purported to recount testimony from Pearson's former supervisor, Robert Saenz, that TABC "fired the wrong black guy." In addition, it contained testimony from TABC's former head of human resources, Don Rupp, that TABC had no legitimate reason to terminate Pearson's employment. CR. 432. The Declaration was completely inadmissible; it contained (1) inadmissible hearsay, (2) testimony that was not based on the declarants' personal knowledge, and (3) a legal conclusion. It was also an inadmissible "sham" declaration because it contained testimony that contradicted Pearson's previous sworn testimony. *See* Br. pp. 12-28. The trial court's error in admitting it was harmful and, therefore, reversible. The Declaration was the only evidence Pearson attached to his Response to TABC's Motion, and the trial court judge made it clear that she was relying on the testimony in the Declaration in denying TABC's Motion. *See* Br. pp. 28-31.

Pearson did not address any of these arguments in his Appellee's Brief. Consequently, in reply to Pearson's lack of a response (in addition to the summary above), TABC simply points the Court back to the full discussion in its Brief, pages 12-30.

6

**B. TABC is not Asserting that Pearson Failed to Exhaust His Administrative Remedies.**

In its Motion below, TABC argued that the trial should have granted its Motion because Pearson did not timely file his lawsuit. CR.463. On appeal, Pearson argues that he did timely file his case and that the trial court did not err in finding as much. Resp. Br. pp. 2-4. The Court may disregard this argument. In this appeal, TABC does not assert that the trial court erred in finding that Pearson filed his lawsuit in time.

**C. This is a Circumstantial Evidence Case, and TABC Does Not Dispute Pearson's Ability to Establish a *Prima Facie* Case.**

Pearson argues that he has direct evidence of race discrimination,[1] which would relieve him of the burden to establish a *prima facie* case and take the case outside of the *McDonnel-Douglas* burden-shifting framework. Specifically, he claims that Saenz's alleged statement in Pearson's Declaration that TABC had "fired the wrong black guy" (which TABC has established was inadmissible) is an admission on TABC's behalf that it fired Pearson solely because he's black. Appee's Br. pp. 5-6, 12. He also asserts that even if this were a circumstantial-evidence case—as opposed

---

[1] Pearson splits his Appellee's Brief into two parts—one addressing TABC's plea to the jurisdiction and one addressing TABC's motion for summary judgment. The same arguments, however, apply to both. He states, "[t]he same arguments made in regard to [TABC's] plea to the jurisdiction apply equally and convincingly to [TABC's] motion for summary judgment." Appee's Br. 13.

to direct-evidence case—Pearson "has pled sufficient facts to support a *prima facie* case of race discrimination." Appee's Br. p. 7, 13 (italics added).

TABC addressed both points in its Brief. First, even if the Declaration was admissible, it does not contain direct evidence of discrimination. Rather, the testimony in the Declaration constitutes "stray-remarks" because Pearson has provided no evidence that the alleged declarants were involved in his termination or that they had personal knowledge of the circumstances surrounding it. As such, the testimony is not probative of discrimination. Br. pp. 32-36. Second, TABC does not dispute Pearson's ability to establish a *prima facie* case assuming the Declaration was admissible. Br. p. 37.

## D. Pearson Did Not Establish that TABC's Reasons for Terminating His Employment Were a Pretext for Discrimination.

Again, assuming this a circumstantial-evidence case, Pearson alleges that "[t]here is ample evidence of pretext." Appee's Br. p. 7. He goes on to state that "Saenz admitted the reason given [Pearson]…was false." In addition, he argues that TABC's "changing stories on the reason for [Pearson's] termination raise a fact issue as to what the actual reason was and is evidence of pretext." Appee's Br. pp. 7-8, 13. TABC addressed these arguments in its Brief. *See* Br. pp. 39-40.

In sum, as already discussed above, Saenz's so-called admission is a stray remark and is not probative of discrimination, as is Rupp's alleged statement that there

8

was no legitimate reason to terminate Pearson. Additionally, it is simply not true that TABC's reasons for terminating Pearson have changed. Upon termination of his employment, TABC told Pearson "[a]fter deliberation…it has been decided that the agency is moving in a different direction," and that Pearson "[would] not be part of that direction." CR. 105. This is the same thing TABC told the trial court in TABC's Motion. *See* CR. 75, 105. While TABC may have been more detailed with its reasons in its Motion, it has not been inconsistent. Moreover, even if Pearson's complaint that TABC initially gave him no reason for his termination were true, no reasonable juror could infer that TABC changed its reasons when it moved from not giving a reason to giving a reason. That's not a change in reasons.

## CONCLUSION

For all the reasons set forth in TABC's opening Brief and those discussed in this Reply, the trial court erred in denying TABC's Motion. The record demonstrates that the Declaration attached to Pearson's Response to TABC's Motion was inadmissible, and because it was Pearson's only evidence, the trial court should have granted TABC's Motion. Alternatively, even if the Declaration was admissible, the trial court should have granted TABC's Motion because the Declaration did not contain direct evidence of discrimination, and Pearson failed to create a genuine issue of material fact as to whether TABC terminated Pearson's employment for

9

discriminatory reasons. Further in the alternative, even if the Declaration constituted direct evidence of discrimination, TABC established that it would have made the same decisions respecting Pearson's employment absent discriminatory intent. Ultimately, sovereign immunity bars Pearson's claims against TABC.

## PRAYER

TABC respectfully requests that this Court reverse the trial court's denial of TABC's Plea to the Jurisdiction and Motion for Summary Judgment and render an order dismissing all of Pearson's claims against TABC with prejudice.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief for General Litigation Division

*/s/ C. Lee Winkelman*
C. LEE WINKELMAN
Assistant Attorney General
Texas Bar No. 24042176

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(737) 231-7737 | FAX: (512) 320-0667
lee.winkelman@oag.texas.gov
**COUNSEL FOR APPELLANT**

10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served electronically through the electronic-filing manager in compliance with Texas Rule of Appellate Procedure 9.5(b) on this August 4, 2025, to:

John F. Melton
Michael W. Balcezak
The Melton Law Firm, PLLC
925 South Capital of Texas Highway, Ste B225
Austin, Texas 78746
(512) 330-0017 Telephone
(512) 330-0067 Facsimile
*Attorney For Appellee*

/s/C. Lee Winkelman
C. LEE WINKELMAN
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

Microsoft Word reports that this brief contains fewer than 7,500 per Texas Rule of Appellate Procedure 9.4(i)(2)(C) words, excluding the portions of the brief exempted by Rule 9.4(i)(1).

/s/C. Lee Winkelman
C. LEE WINKELMAN
Assistant Attorney General

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Laura Hendrix on behalf of Lee Winkelman
Bar No. 24042176
Laura.Hendrix@oag.texas.gov
Envelope ID: 103943935
Filing Code Description: Other Brief
Filing Description: 20250804_Reply Brief_FINAL
Status as of 8/4/2025 2:41 PM CST

Associated Case Party: Earl Pearson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Melton | 24013155 | jmelton@jfmeltonlaw.com | 8/4/2025 2:36:43 PM | SENT |
| Michael Balcezak | | Michael@jfmeltonlaw.com | 8/4/2025 2:36:43 PM | SENT |

Associated Case Party: Texas Alcoholic Beverage Commission

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Laura Hendrix | | laura.hendrix@oag.texas.gov | 8/4/2025 2:36:43 PM | SENT |
| Lee Winkelman | | lee.winkelman@oag.texas.gov | 8/4/2025 2:36:43 PM | SENT |